# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>　　　　　　Plaintiff,<br><br>v.<br><br>Scott Patrick Knox,<br><br>　　　　　　Defendant. | No.  CR-24-1559-PHX-SPL<br><br>**FINDINGS AND RECOMMENDATION OF THE MAGISTRATE JUDGE UPON A PLEA OF GUILTY AND ORDER** |

TO THE HONORABLE STEVEN P. LOGAN, U.S. DISTRICT JUDGE:

Upon the Defendant's request to enter a plea of guilty pursuant to Rule 11 of the Federal Rules of Criminal Procedure, this matter came on for hearing before U.S. Magistrate Judge Deborah M. Fine on October 18, 2024, with the written consent of the Defendant, counsel for the Defendant, and counsel for the United States of America.

The Magistrate Judge accepted the Defendant's waiver of indictment after inquiring about the Defendant's understanding of the right to prosecution by indictment.  The Defendant's written waiver constitutes a part of the plea agreement lodged with the Court. Thereafter, the matter came on for a hearing on the Defendant's plea of guilty in full compliance with Rule 11, Federal Rules of Criminal Procedure, before the Magistrate Judge in open court and on the record.

In consideration of that hearing and the statements made by the Defendant under oath on the record and in the presence of counsel, and the remarks of the Assistant United States Attorney and of counsel for the Defendant,

**I FIND** as follows:

(1)     that the Defendant understands the nature of the charge against the Defendant to which the plea is offered and the elements of the offense to which the Defendant is pleading guilty;

(2)     that the Defendant understands the right to trial by jury, to persist in a plea of not guilty, to the assistance of counsel at trial and at every other stage of the proceedings, to confront and cross-examine adverse witnesses, to present evidence, to compel the attendance of witnesses, and the right against compelled self-incrimination;

(3)     that the Defendant understands the maximum possible penalty for the offense to which the Defendant is pleading guilty, including imprisonment, fine and supervised release; that the Defendant understands the effect of the supervised release term and any forfeiture provision; and that the Defendant understands the Court's authority to order restitution and its obligation to impose a special assessment;

(4)     that the Defendant understands the Court's obligation to calculate the applicable sentencing guideline range and to consider that range, possible departures under the Sentencing Guidelines, and other sentencing factors under 18 U.S.C. § 3553(a); and that the Defendant understands that the sentencing guidelines are advisory, not mandatory, and that the Court may sentence outside those guidelines;

(5)     that the plea of guilty by the Defendant has been knowingly and voluntarily made and is not the result of force or threats or of promises apart from the plea agreement between the parties;

(6)     that the Defendant is competent to plead guilty;

(7)     that the Defendant understands that the Defendant's statements under oath may later be used against the Defendant in a prosecution for perjury or false statement;

(8)     that the Defendant understands that by pleading guilty the Defendant waives the right to a jury trial;

(9) that the Defendant understands the terms of any plea agreement provision waiving the right to appeal or to collaterally attack the sentence, and has knowingly, intelligently and voluntarily waived those rights;

(10) that the Defendant is satisfied with counsel's representation; and

(11) that there is a factual basis for the Defendant's plea.

**I RECOMMEND** that the Court accept the Defendant's plea of guilty.

**IT IS ORDERED** that any objection to the guilty plea proceedings and any request for supplementation of those proceedings be made by the parties in writing and shall be specific as to the objection or request made. All objections or requests for supplementation shall be filed within fourteen (14) days of the date of service of a copy of these findings unless extended by an Order of the assigned district judge.

**IT IS FURTHER ORDERED** that any letters, documents, or other matters the Defendant would like the sentencing judge to consider before sentencing (including the English translation of any writings not in English) must be submitted in paper form with the original to the probation office and copies to the sentencing judge and opposing counsel no later than five (5) business days prior to the sentencing date or they may be deemed untimely by the sentencing judge and not considered. No more than ten (10) character letters shall be submitted by defense counsel, unless otherwise ordered by the Court. Character letters shall not be mailed directly to the sentencing judge by any family members or other persons writing in support of the Defendant. Character letters or a notice of service of such letters shall not be filed electronically unless otherwise ordered by the Court.

**IT IS FURTHER ORDERED** that any motions for upward or downward departures or any sentencing memoranda must be filed at least seven (7) business days prior to the sentencing date. Responses are due three (3) business days prior to the sentencing date. Any motion to continue sentencing must be filed promptly upon discovery of the cause for continuance and must state the cause with specificity. Motions to continue sentencing filed less than fourteen (14) days before sentencing are disfavored. If either

party intends to call a speaker at sentencing, other than the Defendant, counsel must notify the Courtroom Deputy at least three (3) business days in advance.

Dated this 18th day of October, 2024.

_____
Honorable Deborah M. Fine
United States Magistrate Judge